### RICHARDSON *v.* FOGARTY.

*(Supreme Court, General Term, Fifth Department.*   April, 1891.)

LANDLORD AND TENANT—ACTION FOR RENT.

Where the purchaser at a foreclosure sale, to prevent suit to set the sale aside by one who had a lien on the land, gives him a part thereof, and agrees to make him a deed therefor, and the latter rents the premises to another, judgment for the tenant, in an action against him by the purchaser at the foreclosure sale for rent, is proper.

Appeal from judgment on report of referee.
Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.
*James Wood,* for appellant.   *Fred W. Noyes,* for respondent.

CORLETT, J.   This action was originally commenced before a justice of the peace in Livingston county by Amariah H. Bradner against the respondent in August, 1882, to recover $200 for rent.   A plea of title was interposed, which alleged that one Martin F. Linsley was the owner of the premises producing the rent, and that the defendant was Linsley's tenant.   The justice, upon the execution of the proper bond, discontinued.   An action was then commenced in the Livingston county court.   The complaint delivered to the justice was answered.   The county judge was disqualified, and the case was transferred to this court.   The action was afterwards referred.   The original plaintiff made an assignment for the benefit of creditors to the present plaintiff, who was substituted in his place.   The action was tried before the referee, who found as follows:  "*First.* That this action was originally commenced in the name of Amariah H. Bradner, as plaintiff, before B. T. SQUIRES, Esq., a justice of the peace, to recover the sum of two hundred dollars rent money, alleged to be due plaintiff, pursuant to the agreement for the letting the premises referred to in the complaint by the said Bradner to the defendant.   That the defendant appeared in said action, and pleaded title, and filed his bond for the purpose of removing the cause to the proper court.   That thereafter, and on or about the 30th day of August, 1882, the plaintiff brought his action for the same cause in the Livingston county court, and issue was joined in such action by the service of the defendant's answer.   That thereafter such action was removed to this court upon the ground that the county judge of Livingston county was a material and necessary witness for the defendant in the prosecution of his defense in this action.   *Second.* That the 'Bennet Farm,' so called, and of which the premises mentioned in the complaint was a parcel, was sold on or about the 5th day of April, 1873, at a foreclosure sale, and Amariah H. Bradner became the purchaser thereof at such sale, and took a deed and conveyance thereof.   *Third.* That one Martin F. Linsley was a creditor of Ruel H. Blake, the defendant mortgagor in suit which resulted in said foreclosure sale.   That said Linsley was a subsequent lienor on the premises sold by virtue of a mortgage on said premises sold at said sale, given to him by said Blake as collateral to said Blake's bond to said Linsley.   That said Linsley went to Geneseo, the place where such sale was held, on the day of said sale, for the purpose of buying said farm to protect the lien of his said mortgage.   That when he arrived at Geneseo he was informed that the said sale had closed.   *Fourth.* That thereafter said Linsley threatened to take such legal proceedings as were necessary to set aside such sale, and he employed counsel for that purpose.   *Fifth.* That thereafter Alonzo Bradner, a brother of said Amariah H. Bradner, said Martin F. Linsley and his counsel met pursuant to arrangement at the village of Avon, N. Y., to adjust the matter in

dispute, and such negotiations were then and there had that said Linsley, in consideration of the abandonment on his part of his proceedings to set aside such sale, should have the premises mentioned in the complaint, and known as the 'Red House Lot,' secured to him by a deed and conveyance thereof from the said Amariah H. Bradner, the then owner of said premises. *Sixth.* That said Amariah H. Bradner subsequently declared to said Linsley, in the presence of one James Van Ness, that he, Bradner, understood the arrangement entered into as above found between said Linsley and Alonzo Bradner, and that he would execute a deed of the said premises to said Linsley, and send it to him. *Seventh.* That after the arrangement at Avon, hereinbefore found, said Linsley took no further steps to set aside said sale, but, pursuant to the terms of the agreement entered into at the conference at Avon, abandoned all proceedings in that behalf, and took possession of the premises mentioned in the complaint in this action, fenced off a portion thereof, and let the remainder of said premises to the defendant, James Fogarty, as his tenant; and said Fogarty as such tenant accounted to and with said Linsley for the rental value of said premises to their mutual agreements from time to time, until said Amariah H. Bradner took steps to dispossess said Fogarty, and which course on the part of said Bradner resulted in this suit. *Eighth.* That said Amariah H. Bradner, during the pendency of this action, made a general assignment to William Richardson, and thereafter died. That said William Richardson, as such assignee, was by an order duly made substituted as plaintiff in this action. *Ninth.* That said Amariah H. Bradner never executed and delivered any deed or conveyance of said premises to said Linsley, nor to any one for him, nor has any deed or conveyance ever been delivered. *Tenth.* That said Martin F. Linsley, from the time he took possession of the premises mentioned in the complaint as hereinbefore found, has at all times since been in continual occupation of the same, either by himself or his tenants. *Eleventh.* That the defendant, James Fogarty, hired and leased said premises of Martin F. Linsley upon his own behalf, and of no other person. *Twelfth.* That before this action was commenced in the justice's court, said Amariah H. Bradner caused a notice to be served on the defendant, in which he claimed to be the owner of said premises, and thereafter Fogarty refused to pay rent until he knew to whom to pay it. That he afterwards paid the rent money to Linsley, or for his benefit, and took Linsley's bond of indemnity. *Thirteenth.* That at or before the joinder of issue before said justice said Linsley promised the defendant that he would take care of said suit, and employed counsel for that purpose. I further certify and find as a fact established before me on the trial of this action, that the title of real estate came in question. From the foregoing facts I find and decide—*First,* that the premises mentioned in the complaint were at all the times set forth in the complaint owned by one Martin F. Linsley, and that the defendant occupied the same as the tenant of said Linsley as such owner; *second,* that said defendant became and was indebted to said Martin F. Linsley for rent, use, and occupation of said premises, and to no other person; *third,* that the defendant is entitled to judgment dismissing the complaint in this action, with costs to be taxed, which are hereby awarded to the defendant; and I direct judgment to be entered accordingly. Dated April 18, 1890." The referee's findings were warranted by the evidence. Numerous exceptions were taken, and many requests to find were made, all of which have been carefully considered, but no error has been discovered which would warrant a reversal. The judgment must be affirmed!

All concur.